[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION TO RECONSIDER
This court considered the defendant's motion to strike #106 CT Page 177 and by decision dated July 14, 1998 denied the defendant's motion to strike the second count of the complaint but granted the motion with regard to the third count. In denying the motion as to the second count, the court noted the split of authority in the Superior Court, and in the absence of appellate authority, agreed with those colleagues that would permit a common law count in addition to a statutory claim.
On September 15, 1998, after the court rendered its decision, the appellate court rendered a decision in Burnham v. Karl andGelb, P.C., 50 Conn. App. 385, ___ A.2d ___ (1998). The defendant argued that Burnham was a contrary holding on point, and therefore asked this court to reconsider its decision from July 14, 1998.
In Burnham the court considered the trial court's decision granting summary judgment on a count of wrongful discharge which alleged retaliation for reporting OSHA violations. The appellate court agreed with the trial court that the common law court for wrongful discharge should fail as a matter of law since there was an administrative remedy available under OSHA. Like Burnham, there is a remedy available to the plaintiff under General Statutes § 31-209a and the plaintiff here has not alleged any conduct other than workers' compensation retaliation in the second count as a basis for the breach of the employment agreement. Similar to Burnham, the allegations contained in the second count of the plaintiff's complaint do not fall under the public policy exception to the terminable at will doctrine. This court is bound to follow appellate precedent. See Montes,Administrator v. Hartford Hospital, 26 Conn. Sup. 441,226 A.2d 798 (1966). The court agrees with the defendant that Burnham is now dispositive of the issue raised by the motion to dismiss in connection with the second count of the plaintiff's complaint and that the court has no other alternative than to reverse its prior decision and to grant the motion to strike the second count of the plaintiff's complaint. The court's previous decision to grant the motion to strike the third count is not affected by this decision.
ORDER: The court will grant the Motion to Dismiss the second count and affirm its decision to grant the dismissal of the third count.
PELLEGRINO, J. CT Page 178